UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE DORRIS and JOHN AXIOTAKIS, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>DANONE WATERS OF AMERICA,<br><br>                Defendant. | Civil Action No. 7:22-cv-08717-NSR<br><br>Hon. Nelson S. Román |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Stephanie Dorris and John Axiotakis ("Plaintiffs") respectively respond to Defendant Danone Waters of America's ("Defendant") supplemental authority in further support of Defendant's motion to dismiss (ECF No. 21): *English v. Danone N. Am. Pub. Benefit Corp.*, 2023 WL 4187515 (S.D.N.Y. June 26, 2023).[1]

In *English*, the plaintiff – a Texas resident – purchased a coffee creamer in Texas. *Id.*, at 2-3.  Plaintiff brought claims under §§ 349 and 350 of the New York General Business Law ("GBL") and alleged that the GBL protects the plaintiff because the defendant had its principal place of business in New York. *Id.*, at 5.  The court dismissed the plaintiff's claims because plaintiff was "a Texas citizen and fail[ed] to otherwise 'state a claim for the [Product] she actually purchased' in Texas," therefore she could not " not plausibly allege[ ] she was injured and thus lack[ed] standing to assert claims under the consumer protection statutes of these other states." *Id.*, at 14.  The court also dismissed the plaintiff's attempt to assert claims under other states' consumer protection laws because the plaintiff "made no effort to explain how she ha[d]

---

[1] Defendant's synopsis of *English* included in the Notice of Supplemental Authority was improper.  However, Plaintiffs accordingly respond to Defendant's perception of *English*.

1

standing to bring claims under any of the state statutes she invoke[d]." *Id.*, at 5. Here, by contrast, Plaintiffs do make an effort to explain how they have standing to bring claims under state consumer protection laws. *See* Motion to Dismiss Opposition (ECF 20) at 17-18. Mainly in *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 93 (2d Cir. 2018), the Second Circuit explained that once a consumer has standing, the question of whether a plaintiff can proceed under other state's laws is a question to be evaluated under Federal Rule of Civil Procedure 23(b)(3).

The *English* plaintiff's remaining claims also failed:

- The consumer protection claims under Texas law was dismissed for failure to identify the provision under which Plaintiff sued, which is not at issue in the present case. *English*, at 6

- The warranty claims failed for failure to allege pre-suit notice. Notice is not at issue here. *Id.* at 7.

- The fraud claim failed because "plaintiff fail[ed] to allege fraudulent intent." *Id.*, at 9. Here, Plaintiffs sufficiently allege that Defendant's deceptive labeling is conscious misbehavior per the FTC's Green Guides.

- The unjust enrichment claims under New York and Texas law were dismissed, neither of which are at issue in the present case. *Id.*, at 12.

Dated: July 18, 2023                     Respectfully submitted,

                                         By: */s/ Philip L. Fraietta*
                                             Philip L. Fraietta

                                         **BURSOR & FISHER, P.A.**
                                         Philip L. Fraietta
                                         Max S. Roberts
                                         1330 Avenue of the Americas, 32 Floor
                                         New York, NY 10019
                                         Telephone: (646) 837-7150
                                         Facsimile:  (212) 989-9163
                                         Email: pfraietta@bursor.com
                                                 mroberts@bursor.com

                                         *Attorneys for Plaintiffs*